629 So.2d 941 (1993)
Thanayi LINDSEY, Appellant,
v.
BOARD OF REGENTS, ACTING FOR AND ON BEHALF OF THE UNIVERSITY OF FLORIDA, Residency Review Committee, Appellee.
No. 92-2334.
District Court of Appeal of Florida, First District.
December 10, 1993.
Rehearing Denied February 4, 1994.
*942 Thanayi Lindsey, pro se.
Darryll K. Jones, Gainesville, for appellee.
PER CURIAM.
Thanayi Lindsey (Lindsey) was admitted to the University of Florida College of Law in Spring 1990. Her application gave a California permanent mailing address. Lindsey filed a request for in-state residency status in Spring 1991. The University of Florida Residency Appeals Committee (agency) denied Lindsey in-state tuition status on June 9, 1992. We reverse.
The agency's order denying in-state status recites that its decision is based on section 240.1201, Florida Statutes[1] and rule 6C-7.005, Florida Administrative Code.[2] Lindsey complied with the statutory and rule requirements to establish in-state tuition status: she filed a declaration of domicile with the clerk of the court as required by section 222.17, and presented the documents suggested by rule 6C-7.005.[3] The agency concedes *943 that Lindsey was residing in Florida for the requisite twelve months prior to filing for in-state tuition status. This court must set aside agency action that is "inconsistent with agency rule," that is "not supported by competent substantial evidence in the record," or if "the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure." § 120.68(12)(b), (10), (8), Fla. Stat. (1991).
The agency's order denying Lindsey in-state status recites that to establish that Lindsey's presence during the prior school year was not a mere incident of enrollment rather than an intent to establish a bona fide domicile, Lindsey must present "objective facts indicating that [she] would have come to Florida even if [she] had not been admitted or seeking admission to a Florida institution of higher education." This requirement is nowhere in the agency's rule governing in-state status.[4] The agency thus has committed a material error in procedure. §§ 120.68(8), 120.53, Fla. Stat. (1991). We must therefore remand to the agency for action consistent with its governing rule.
The agency argues that Lindsey is not entitled to in-state tuition status because: "There are simply no facts such as significant full time employment or presence in Florida for a significant period prior to enrollment to indicate that Lindsey is distinguishable from a nonresident student... ." "Lindsey never lived in Florida prior to seeking enrollment at the University. She enrolled in the University immediately after his [sic] arrival in Florida." We disagree with the agency's assessment of Lindsey's entitlements. The agency's arguments for denying Lindsey in-state status are unsupported by its rule authority. The agency is free to amend its rule[5] to embrace these newly announced requirements, but it must do so with appropriate notice. § 120.54, Fla. Stat. (1991). It must act on Lindsey's request pursuant to its rule authority at the time of Lindsey's request  rule 6C-7.005(5). §§ 120.68(8), 120.53(3), Fla. Stat. (1991).
The agency claims that Lindsey's "paper ties" to Florida consist only of those documents customarily obtained by both resident and nonresident students. This is factually unsupported by the record. There is no record evidence that out-of-state students customarily file a sworn statement under oath with the clerk of the circuit court pursuant to section 222.17, Florida Statutes (1991), evidencing an intent to make Florida their domicile.
We therefore remand for agency action consistent with the agency's published rule 6C-7.005(5).
ERVIN and LAWRENCE, JJ., concur.
ALLEN, J., dissents with written opinion.
ALLEN, Judge, dissenting.
I respectfully dissent. I would affirm the order under review.
Sections 240.1201(1)(e) and (2)(a), Florida Statutes (1991), provide:
(e) A "resident for tuition purposes" is a person who qualifies as provided in subsection (2) for the in-state tuition rate; a "nonresident for tuition purposes" is a person who does not qualify for the in-state tuition rate.
(2)(a) To qualify as a resident for tuition purposes:
(1) A person or, if that person is a dependent child, his parent or parents must have established legal residence in this state and must have maintained legal residence in this state for at least 12 months immediately prior to his qualification.
(2) Every applicant for admission to an institution of higher education shall be required to make a statement as to his *944 length of residence in the state and, further, shall establish that his presence, or, if he is a dependent child, the presence of his parent or parents in the state currently is, and during the requisite 12-month qualifying period was, for the purpose of maintaining a bona fide domicile, rather than for the purpose of maintaining a mere temporary residence or abode incident to enrollment in an institution of higher education.
Accordingly, to qualify as a "resident for tuition purposes," the appellant was required to make a two-pronged showing: (1) that she had been a "legal resident" for 12 months immediately prior to her purported qualification; and (2) that her presence in Florida during this 12-month period was for the purpose of maintaining a bona fide "domicile," rather than simply for the purpose of attending the University of Florida. See Florida Bd. of Regents v. Harris, 338 So.2d 215, 217 (Fla. 1st DCA 1976).
"Legal resident" is defined by section 240.1201(1)(c), Florida Statutes (1991), and Florida Administrative Code Rule C-7.005(2) and (5), lists evidence the university may require in determining whether the residency prong has been satisfied. But these provisions have little relevance to the issue presented by this appeal because there is no dispute about whether the appellant satisfied the residency prong of her required showing. Clearly, she did. Indeed, both the order under review and the appellee's brief indicate that the appellant was denied status as a resident for tuition purposes because she failed to satisfy the second prong in that she did not show that she was domiciled in Florida during the 12-month period prior to her purported qualification.
Rule C-7.005(3)(b) defines "domicile" as "a person's true, fixed, and permanent home, and to which whenever the person is absent the person has the intention of returning." The appellant had the burden of establishing facts which would justify the University Residency Appeals Committee in finding that she was domiciled in Florida. See Fla. Admin. Code C-7.005(2). Simply stated, the appellant's evidence, which consisted of an affidavit of domicile and other documentary items, did not convince the committee that the appellant had lived in Florida during the preceding year for the purpose of establishing a bona fide domicile, rather than merely for the purpose of attending the University of Florida. The committee therefore concluded that the appellant was not entitled to status as a resident for tuition purposes because she had not established that Florida was her domicile.
The appellant's contention on appeal is that the committee erred as a matter of law in reaching this conclusion. I cannot agree because the committee's finding of fact was entirely reasonable. Although the documentary items listed at footnote 3 of the majority opinion are compelling evidence that she had become a Florida "resident," they do not compel a finding that the appellant intended to make Florida her "permanent home." Likewise, the affidavit executed pursuant to section 222.17, Florida Statutes (1991), is also insufficient to compel a finding that the appellant was domiciled in Florida. See Harris, 338 So.2d at 215. In reversing a lower court judgment which determined that a student who had filed a section 222.17 affidavit was entitled to status as a resident for tuition purposes, we said:
During the years when a student is entering and attending college his plans for future residence are usually vague and uncertain and sometimes fanciful. Questionable reliance can be placed on any statement of his intent when he knows he will realize a substantial reduction in tuition by being classified as a bona fide resident.
Id. at 219. Because the factual conclusion reached by the committee on the issue of domicile is fully supported by competent substantial evidence in the record, it may not be disturbed by this Court. See § 120.68(10), Fla. Stat. (1991).
Finally, although the point was not raised by the appellant, the majority concludes that the committee committed a "material error in procedure" by requiring the appellant to "present `objective facts indicating that [she] would have come to Florida even if [she] had not been admitted or seeking admission to a Florida institution of higher education'" in order to establish that she was domiciled in Florida. In reaching this conclusion, the majority *945 relies upon a portion of the appealed order. The relevant portion of the order provides as follows:
To be considered a resident for tuition purposes, a student or parent must demonstrate that his or her physical presence in Florida resulted from an intent to establish a bona fide domicile in Florida. A student who is originally classified as a non-Florida resident for tuition purposes must establish that his or her presence during the prior school year was not a mere incident of enrollment. This may be accomplished through the presentation of objective facts indicating that the student or parent would have come to Florida even if he or she had not been admitted or seeking admission to a Florida institution of higher education.
(Emphasis supplied.) An entirely reasonable reading of the final sentence above is that it merely suggests a permissible, not mandatory, manner in which domicile might properly be established. When read in this manner, the sentence cannot be said to reflect a material error in procedure and does not provide a basis for reversal of the order. Nevertheless, if this point had been raised by the appellant, remand to the committee for clarification of its intent might have been appropriate. But, because the point is not argued by the appellant, it is not a proper issue for decision by this court. Accordingly, I would not afford the appellant relief on this point.
NOTES
[1] Section 240.1201, Florida Statutes (1991), provides in relevant part:

Determination of resident status for tuition purposes.  Students shall be classified as residents or nonresidents for the purpose of assessing tuition fees in public community colleges and universities.
(1) As defined in this section:
(c) A "legal resident" or "resident" is a person who has maintained his residence in this state for the preceding year, has purchased a home which is occupied by him as his residence, or has established a domicile in this state pursuant to s. 222.17.
[2] Rule 6C-7.005, Florida Administrative Code (1992), provides in relevant part:

Student Residency.
(1) For the purpose of assessing tuition, a student shall be classified as a resident or nonresident. A "resident for tuition purposes" is a person who qualifies for the resident tuition rate.
(a) To be classified as a "resident for tuition purposes," a person, or, if a dependent child, the child's parent or parents, shall have established legal residence in Florida and shall have maintained legal residence in Florida for at least twelve (12) months immediately prior to his or her qualification....
(2) An individual shall not be classified as a resident for tuition purposes and, thus, shall not be eligible to receive the resident tuition rate, until the individual has provided satisfactory evidence as to his or her legal residence and domicile to appropriate university officials. In determining residency, the university shall require evidence such as a voter registration, driver's license, automobile registration, location of bank account, rent receipts or any other relevant materials as evidence that the applicant has maintained 12 months residence immediately prior to qualification. ... The burden of establishing facts which justify classification of a student as a resident and domiciliary entitled to "resident for tuition purposes" registration rates is on the applicant for such qualification.
... .
(5) A "non resident" or, if a dependent child, the individual's parent, after maintaining a legal residence and being a bona fide domiciliary of Florida for twelve (12) months, immediately prior to enrollment and qualification as a resident, rather than for the purpose of maintaining a mere temporary residence or abode incident to enrollment in an institution of higher education, may apply for and be granted classification as a "resident for tuition purposes"... . An applicant who has been classified as a "non-resident for tuition purposes" at the time of original enrollment shall furnish evidence as stated in Rule 6C-7.005(1) to the satisfaction of the registering authority that the applicant has maintained residency in the state for the twelve months immediately prior to qualification required to establish residence for tuition purposes. In the absence of such evidence, the applicant shall not be reclassified as a "resident for tuition purposes." It is recommended that the application for reclassification be accompanied by a certified copy of a declaration of intent to establish legal domicile in the state, which intent must have been filed with the Clerk of the Circuit Court, as provided by Section 222.17, Florida Statutes. If the request for reclassification and the necessary documentation is not received by the registrar prior to the last day of registration for the term in which the student intends to be reclassified, the student will not be reclassified for that term.
(Emphasis added.) The prior version of this rule (December 31, 1985) does not differ from the present version (November 9, 1992) in any way that is relevant to the instant case.
[3] Lindsey presented a Gainesville voter registration card; a Gainesville apartment rental agreement and lease; a Gainesville bank statement; a Gainesville Southern Bell Telephone bill; a State Farm insurance homeowner's insurance policy invoice for a Gainesville apartment; a Gainesville utility and cable company bill; a Gainesville check cashing card; a statement from a Gainesville Baptist church summarizing Lindsey's contributions for the year; a membership card in the Gainesville chapter of the Purdue Alumni Association and announcement of its meeting; and a Florida identification card showing a Gainesville address.
[4] Nor is it a statutory requirement.
[5] Agency rule-making is not discretionary; it is mandatory. § 120.535, Fla. Stat. (1991).