889 So.2d 179 (2004)
ROMAN FEDO, INC., d/b/a Drive Away Motors, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, DIVISION OF MOTOR VEHICLES, Appellee.
No. 4D04-285.
District Court of Appeal of Florida, Fourth District.
December 15, 2004.
Robert C. Stone of Law Office of Robert C. Stone, P.A., Boca Raton, for appellant.
Enoch J. Whitney, General Counsel, and Michael J. Alderman, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for appellee.
HAZOURI, J.
Appellant, Roman Fedo, Inc., is a holder of a motor vehicle dealer license issued by the Department of Highway Safety & Motor Vehicles (Department) pursuant to section 320.27, Florida Statutes (2003). Appellant was formed for the sole purpose of operating a motor vehicle dealership. Fifty percent of the shares of stock in appellant, a closely held corporation, is owned by Roman Fedo (Fedo), who is also appellant's president. On August 28, 2003, Fedo was convicted of felony possession of cocaine, misdemeanor possession of paraphernalia, and misdemeanor DUI.
As a result of Fedo's conviction, the Department issued an administrative complaint proposing to discipline appellant's motor vehicle dealership license. Appellant responded to the administrative complaint by admitting the facts alleged by the complaint and requesting an informal hearing. The informal hearing was held and the Department issued a final order that took no action against appellant but ordered Fedo to remove himself as an officer and director of appellant, to divest himself of his stock in appellant, and otherwise cease to be involved in the operations of appellant, pursuant to section 320.27(9)(c), Florida Statutes (2003).
Fedo has been removed as an officer and director of appellant and has ceased to be involved in the operations of the appellant. However, Fedo has not divested *180 himself of his fifty percent stock ownership in appellant and appellant appeals the final order of the Department to the extent that it requires Fedo to divest himself of his stock ownership.
The standard of review is set forth in Novick v. Department of Health, 816 So.2d 1237 (Fla. 5th DCA 2002), which provides that "the standard of review is whether the agency's interpretation of the law is clearly erroneous." Id. at 1240.
Appellant asserts that the Department's interpretation of section 320.27(9)(c) is clearly erroneous in that it does not authorize regulation of corporate licensed motor vehicle dealer's shareholders. It further argues that the Department is without authority to order Fedo to divest himself of his shares in the corporation.
Section 320.27(9) is the provision under which the order below was based. It provides, in pertinent part:
(9) DENIAL, SUSPENSION, OR REVOCATION. 
(a) The department may deny, suspend, or revoke any license issued hereunder or under the provisions of s. 320.77 or s. 320.771, upon proof that a licensee has committed any of the following activities:
...
2. Conviction of a felony.
...
(c) When a motor vehicle dealer is convicted of a crime which results in his or her being prohibited from continuing in that capacity, the dealer may not continue in any capacity within the industry. The offender shall have no financial interest, management, sales, or other role in the operation of a dealership. Further, the offender may not derive income from the dealership beyond reasonable compensation for the sale of his or her ownership interest in the business.
(Emphasis added.)
Appellant asserts that there is no reference to stock ownership in the statute and therefore, Fedo should not be required to divest himself of his shares of stock. In applying a statute, "[w]henever possible, the meaning of a statute must be gleaned from its plain language." Levine v. Levine, 734 So.2d 1191, 1194 (Fla. 2d DCA 1999) (citation omitted). The statute prohibits Fedo, the offender, from having any financial interest in the operation of the dealership. Clearly, ownership of fifty percent of the shares of stock in the dealership constitutes a financial interest. The Department was authorized to order him to sell his financial interest in the dealership.
AFFIRMED.
GUNTHER and TAYLOR, JJ., concur.