WARNER, J.
 

 Appellant challenges a final administrative order issued by the Residency Appeals Committee (“RAC”) of appellee Florida Atlantic University, denying her petition to reclassify her residency status
 
 *1058
 
 in order to qualify for in-state tuition. We affirm, as competent substantial evidence supports the denial of the petition.
 

 Appellant Emily Hallendy graduated from a high school in Michigan in June 2004 and began attending Palm Beach Community College in August 2004. Her PBCC transcript identified her as a non-Florida resident. On February 11, 2007, she submitted an application to transfer to FAU beginning in the fall of 2007. She identified herself as a non-Florida resident in her application.
 

 After completing a year at FAU, Hallen-dy took steps to qualify as a resident for tuition purposes. This included obtaining a Florida driver’s license as well as executing a declaration of domicile. Florida law provides that, to qualify as a Florida resident for tuition purposes, an independent student must have maintained legal residence in Florida for the twelve months immediately preceding her qualification and must establish, by clear and convincing evidence, that her presence in the state is, and was during the preceding twelve months, for the purpose of maintaining a bona fide domicile in Florida, and not merely the maintenance of a temporary residence incident to enrollment.
 
 See
 
 § 1009.21(2)(a), Fla. Stat. (2008); Fla. Admin. Code R. 6A-10.044(7).
 

 In her application for residency reclassification, she stated that she had been a resident of Florida since August 2004. She submitted various documents to prove that she provided at least 50% of her own support and was thus independent. She also wrote a statement that she had moved to Florida in August 2004 to be close to her Florida grandfather who had become ill. After he recovered in 2005, she decided to stay in Florida. She submitted proof of part-time employment between 2005 and 2007.
 

 The FAU residency coordinator denied her application, and on appeal the RAC upheld the coordinator’s determination. It concluded that Hallendy had established physical presence, but denied her request “based upon the fact that [she] ha[s] been enrolled as a full-time student since moving to Florida while working only part-time therefore leading to the conclusion that [she is] in Florida incident to enrollment to higher education.” She appeals this decision.
 

 Section 1009.21, Florida Statutes (2008), provides:
 

 (2)(a) To qualify as a resident for tuition purposes:
 

 1. A person ... must have established legal residence in this state and must have maintained legal residence in this state for at least 12 months immediately prior to his or her qualification.
 

 2. Every applicant for admission to an institution of higher education shall be required to make a statement as to his or her length of residence in the state and, further, shall establish that his or her presence ... during the requisite 12-month qualifying period was, for the purpose of maintaining a bona fide domicile, rather than for the purpose of maintaining a mere temporary residence or abode incident to enrollment in an institution of higher education.
 

 Subsection (11) states, “The State Board of Education and the Board of Governors shall adopt rules to implement this section.” Pursuant to this statutory authority, the Department of Education enacted Florida Administrative Code Rule 6A-10.044.
 

 Rule 6A-10.044 summarizes the statutory requirements and imposes the following two-pronged test a student seeking reclassification as a Florida resident must prove by clear and convincing evidence: (1) that she “has been a Florida resident for the
 
 *1059
 
 preceding twelve (12) months” and (2) that Florida is “her permanent domicile and not ... a mere temporary residence incident to the enrollment in higher education.” Fla. Admin. Code R. 6A-10.044(7).
 

 The parties agree that Hallendy has been physically present in Florida during the requisite twelve-month period, namely, from August 2007 through August 2008. However, Hallendy argues that the RAC erred in concluding that her residency in Florida was merely incident to her enrollment.
 

 “[W]here there is competent substantial evidence in the record which supports an agency’s determination of fact and the agency’s interpretation of the applicable law is not clearly erroneous, the agency’s action must be affirmed.”
 
 City of Marathon v. Prof'l Firefighters of Marathon, Inc., Local 4396, Int’l Ass’n of Firefighters,
 
 946 So.2d 1187, 1189 (Fla. 3d DCA 2006) (citing section 120.68(7), Florida Statutes (2005)).
 
 See also Roman Fedo, Inc. v. Dep’t of Highway Safety & Motor Vehicles, Div. of Motor Vehicles,
 
 889 So.2d 179, 180 (Fla. 4th DCA 2004). Thus, our scope of review is limited.
 

 The record contains competent substantial evidence to support the RAC’s decision. The documentary evidence submitted by Hallendy proved only that she had resided in Florida for over twelve months, not that she intended to become a permanent resident or that her residency in Florida was not incident to her enrollment in an institution of higher education. While she executed leases, she did not own property or a vehicle registered in Florida. She did not obtain her Florida driver’s license or execute a declaration of domicile until a month before she applied for residency reclassification. She did not have full-time employment but had only part-time work, which would also be consistent with residency incidental to enrollment in college. Furthermore, in her initial application to FAU in 2007, she declared that she was a non-resident, even though she later claimed that she intended to become a permanent resident of Florida in 2005.
 

 We distinguish
 
 Lindsey v. Board of Regents,
 
 629 So.2d 941 (Fla. 1st DCA 1993). In
 
 Lindsey,
 
 after completing her first year of law school at the University of Florida, Lindsey filed a request to be reclassified as a Florida resident for tuition purposes. The RAC denied her request based on section 240.1201, Florida Statutes (1991), and Florida Administrative Code Rule 6C-7.005.
 
 [1]
 
 In doing so, however, the RAC order stated that in order to prove that her residency was not incidental to enrollment in school, Lindsey must present “objective facts indicating that [she] would have come to Florida even if [she] had not been admitted or seeking admission to a Florida institution of higher education.”
 
 Id.
 
 at 943. On appeal, the First District reversed, because the showing of an independent reason for coming to Florida was not part of any rule. Thus, by imposing that requirement, the RAC exceeded its authority pursuant to the then-existing rule. The court further found that no evidence was submitted to support some of the agency’s findings that documents such as the declaration of domicile were customary documents filed by non-residents and residents alike.
 

 The RAC of FAU did not require Hal-lendy to meet a burden not imposed by the statute or the rule. It reviewed all of the evidence presented and simply determined that the submissions did not
 
 clearly
 
 show that Hallendy’s residence in Florida was not merely incident to her enrollment in a
 
 *1060
 
 higher education institution. It did not rely on any failure to document another independent reason for coming to Florida. Thus,
 
 Lindsey
 
 does not compel a reversal.
 

 Affirmed.
 

 GROSS, C.J., and CIKLIN, J., concur.
 

 [1]
 

 . Although the statutes and rules applied in
 
 Lindsey
 
 have since been replaced, they are substantially similar to the statute and rules applied in this case.