DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNSON H. COBB,**
Appellant,

v.

**FLORIDA ATLANTIC UNIVERSITY,**
Appellee.

No. 4D17-3490

[July 5, 2018]

Appeal from the Florida Atlantic University Residency Appeals Committee, Office of the Registrar.

Jeffrey B. Crockett of Coffey Burlington, P.L., Miami, for appellant.

Daniel A. Jones, Office of the General Counsel, Florida Atlantic University, Boca Raton, for appellee.

GERBER, C.J.

A college student appeals from the university's final administrative order denying his request for residency determination for tuition purposes. The student primarily argues that the university misapplied section 1009.21, Florida Statutes (2017), which defines the criteria for determining whether a student shall be classified as a resident or nonresident for the purpose of assessing tuition. We agree with the student's argument as to the university's misapplication of section 1009.21 in his case. We reverse and remand for the university to reconsider the student's request by properly applying section 1009.21.

We present this opinion in three parts:
1. the procedural history;
2. section 1009.21's plain language; and
3. our review.

### 1. *Procedural History*

The student sought determination as a resident for tuition purposes. To be eligible for residency status, the student sought to prove that he had

established permanent legal residency in this state for at least twelve consecutive months immediately before the semester for which he sought resident-based tuition. The student's proof included, among other things: an affidavit of Florida domicile; a Florida voter registration; a Florida driver's license; a Florida vehicle registration; a Florida bank account; a Florida apartment lease; and a letter from his Florida employer, indicating he worked twenty-five hours a week for the past six months.

The university's registrar denied the student's residency determination request. The registrar's denial letter stated, in pertinent part:

> *The main circumstance considered was employment. Your employment did not satisfy Fla. Stat. 1009.21(3)(c)1.h. . . . which* ***requires*** *that you must show proof of permanent employment in Florida for at least 30 hours per week for a 12 month period prior to the term for which in-state tuition is sought.* After a review of the documentation you submitted in support of permanent legal residency, the University has denied your request for reclassification as a resident student for tuition purposes.

(emphasis added).

The student appealed the denial to the university's residency appeals committee. The student's appeal argued that the registrar's decision was based on a misstatement of section 1009.21(3)(c)1.h., Florida Statutes (2017), because proof of permanent employment in Florida, for at least thirty hours per week for a twelve month period prior to the term for which in-state tuition is sought, is not a "requirement," but instead was just one form of documentation available to prove permanent Florida residency.

The university's residency appeals committee upheld the registrar's decision to deny the student's residency determination. The committee's denial letter stated, in pertinent part:

> *The circumstances considered was the claimant's employment.* The documentation you submitted did not satisfy Fla. Stat. 1009.21 which requires the student to present clear and convincing evidence that supports permanent legal residency in the state for at least 12 consecutive months.

(emphasis added).

2

The student, having exhausted his administrative remedies within the university, filed this appeal. The student argues that the university misapplied section 1009.21 in two respects: (1) by misstating, in the registrar's denial letter, that section 1009.21(3)(c)1.h. "requires" him to have shown proof of permanent employment in Florida for at least thirty hours per week for a twelve month period prior to the term for which in-state tuition is sought; and (2) by solely focusing, in the residency appeals committee's denial letter, on his employment, when section 1009.21 provides that his employment was just one form of documentation available to prove permanent Florida residency.

Given the student's reliance upon section 1009.21, we provide a detailed recitation of the statute's plain language.

## 2. *Section 1009.21's Plain Language*

Section 1009.21 provides, in pertinent part:

(3)(a) An individual shall not be classified as a resident for tuition purposes and, thus, shall not be eligible to receive the in-state tuition rate until he or she has provided such evidence related to legal residence and its duration . . . as may be required by law and by officials of the institution of higher education from which he or she seeks the in-state tuition rate.

(b) Except as otherwise provided in this section, evidence of legal residence and its duration shall include clear and convincing documentation that residency in this state was for a minimum of 12 consecutive months prior to a student's initial enrollment in an institution of higher education.

(c) Each institution of higher education shall affirmatively determine that an applicant who has been granted admission to that institution as a Florida resident meets the residency requirements of this section at the time of initial enrollment. The residency determination must be documented by the submission of written or electronic verification that includes two or more of the documents identified in this paragraph. *No single piece of evidence shall be conclusive.*

1. The documents must include *at least one of the following*:

a. A Florida voter's registration card.

b.   A Florida driver license.

c.   A State of Florida identification card.

d.   A Florida vehicle registration.

e.   Proof of a permanent home in Florida which is occupied as a primary residence by the individual or by the individual's parent if the individual is a dependent child.

f.   Proof of a homestead exemption in Florida.

g.   Transcripts from a Florida high school for multiple years if the Florida high school diploma or high school equivalency diploma was earned within the last 12 months.

*h.   Proof of permanent full-time employment in Florida for at least 30 hours per week for a 12-month period.*

2.   The documents may include one or more of the following:

a.   A declaration of domicile in Florida.

b.   A Florida professional or occupational license.

c.   Florida incorporation.

d.   A document evidencing family ties in Florida.

e.   Proof of membership in a Florida-based charitable or professional organization.

f.   Any other documentation that supports the student's request for resident status, including, but not limited to, utility bills and proof of 12 consecutive months of payments; a lease agreement and proof of 12 consecutive months of payments; or an official state, federal, or court document evidencing legal ties to Florida.

. . .

(6)(a) . . . [A] person who is classified as a nonresident for tuition purposes may become eligible for reclassification as a resident for tuition purposes if that person . . . presents clear

and convincing documentation that supports permanent legal residency in this state for at least 12 consecutive months rather than temporary residency for the purpose of pursuing an education, *such as* documentation of full-time permanent employment for the prior 12 months or the purchase of a home in this state and residence therein for the prior 12 months while not enrolled in an institution of higher education.

§ 1009.21(3), (6), Fla. Stat. (2017) (emphasis added).

### 3. *Our Review*

Based on our review of section 1009.21's plain language, we agree with the student's argument. The university's interpretation of section 1009.21 was clearly erroneous in two respects. *Cf. Hallendy v. Florida Atlantic University*, 16 So. 3d 1057, 1059 (Fla. 4th DCA 2009) ("Where there is competent substantial evidence in the record which supports an agency's determination of fact *and the agency's interpretation of the applicable law is not clearly erroneous*, the agency's action must be affirmed.") (emphasis added; alteration, quotation marks, and citations omitted).

First, the registrar's denial letter erroneously stated that section 1009.21(3)(c)1.h. "requires" the student to have shown proof of permanent employment in Florida for at least thirty hours per week for a twelve month period prior to the term for which in-state tuition is sought. Section 1009.21(3)(c)1.h. contains no such "requirement." Section 1009.21(3)(c)1.h. includes "[p]roof of permanent full-time employment in Florida for at least 30 hours per week for a 12-month period" as one of fourteen itemized forms of documentation available to prove permanent residency under section 1009.21(3)(c), when only two such forms of documentation are required. More importantly, section 1009.21(3)(c), before listing the fourteen itemized forms of documentation available to prove permanent residency, plainly states: "No single piece of evidence shall be conclusive." Thus, the university registrar's denial letter was clearly erroneous.

Second, the residency appeals committee's denial letter appears to state that the sole circumstance considered on the student's appeal was his employment. If so, such limited consideration was clearly erroneous, because, as mentioned in the previous paragraph, section 1009.21(3)(c) clearly states that employment is not the sole circumstance to be considered. Moreover, section 1009.21(6)(a), which addresses a

reclassification request, by its use of the phrase "such as," clearly states that employment is not the sole circumstance to be considered.

## *Conclusion*

Based on the foregoing, we reverse the university's denial of the student's request for residency determination for tuition purposes, and remand for the university to reconsider the student's request by properly applying section 1009.21. *See Lindsey v. Bd. of Regents for and on behalf of Univ. of Fla.*, 629 So. 2d 941, 943 (Fla. 1st DCA 1993) (remanding university's denial of student's request for residency reconsideration where university's denial was based on "requirement" which was nowhere in the rule governing residency status).

The student requests us to go one step further and conclude, based on his evidentiary submission to the university, that he is entitled to the permanent residency determination. That request is premature, as our only proper action at this time is to remand for the university to reconsider the student's request by properly applying section 1009.21. We make no comment on whether the university should grant or deny the student's permanent residency determination request upon a proper application of section 1009.21.

*Reversed and remanded for further proceedings consistent with this opinion.*

GROSS and CIKLIN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

6